UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIN INTERINSURANCE NETWORK | CIVIL ACTION |
| VERSUS | NO. 23-2320 |
| JOHN COOMBS, ET AL. | SECTION "R" (5) |

# ORDER

Plaintiff-in-interpleader, Kin Interinsurance Network ("Kin"), filed this action in July 2023 to determine the rights of claimants-in-interpleader, John and Amy Coombs and McClenny, Moseley & Associates, PLLC ("MMA"), to proceeds of a settlement between Kin and the Coombs concerning the Coombs' insurance claims arising from Hurricane Ida damages.[1] The Coombs were represented by MMA before and upon reaching the settlement agreement calling for Kin to tender the proceeds to the Coombs.[2] MMA was subsequently suspended from practicing law in Louisiana because of "a pattern of misconduct" that included "a brazen, multi-faceted campaign to enrich themselves with ill-gotten contingency fees paid to them by unwitting insurance companies ostensibly on behalf of named insureds that they and their firm did not represent." *Franatovich v. Allied Tr. Ins. Co.*, No. 22-2552, 2023 WL 7005861, at *1 (E.D. La. Mar. 16,

---

[1] R. Doc. 1.
[2] *Id.* ¶¶ 11-14.

2023). Kin filed this interpleader action for the Court to determine MMA's entitlement to the proceeds of the settlement.[3] Kin later filed a supplemental complaint for interpleader adding claimant Select Portfolio Servicing, Inc. ("Select Portfolio"), which Kin alleged may have an interest in the res because it had a mortgage on the relevant property.[4]

The case was referred to Chief Magistrate Judge Michael North.[5] Select Portfolio filed a disclaimer of interest and consent motion to dismiss seeking dismissal from the action with prejudice because the relevant mortgage has been paid in full, and Select Portfolio has no interest in the settlement proceeds.[6] Based on MMA's failure to appear in the action, Kin filed a motion for entry of default against the firm.[7] Chief Magistrate Judge North issued a Partial Report and Recommendation ("R&R"), recommending that the Court grant Select Portfolio's motion to dismiss, grant Kin's motion for entry of default against MMA, and order the Clerk of Court to enter a default against MMA in the record in this matter.[8]

No party objected to the R&R. The Court thus reviews the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430

---

[3]     *Id.* ¶¶ 17-20.
[4]     R. Doc. 12 ¶ 6.
[5]     R. Doc. 10.
[6]     R. Doc. 19.
[7]     R. Doc. 21.
[8]     R. Doc. 22.

(5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error. Therefore, the Court adopts the R&R as its opinion.

Accordingly, IT IS ORDERED that Select Portfolio's consent motion to dismiss and disclaimer of interest[9] is GRANTED, Kin's motion for entry of default[10] is GRANTED, and the Clerk of Court is directed to ENTER DEFAULT against MMA in the record in this matter.

New Orleans, Louisiana, this __14th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 19.
[10] R. Doc. 21.

3